## WILLOUGHBY v. SAFEWAY STORES, Inc.
### No. 11276.

United States Court of Appeals District of Columbia Circuit.

Argued May 19, 1952.

Decided July 17, 1952.

Harry I. Rand and Joseph D. Bulman, Washington, D. C., for appellant.

Cornelius H. Doherty, Washington, D. C., for appellee.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia following a directed verdict in an action for damages growing out of injuries sustained by appellant when a carton, or carrier, of bottled soft drinks which she was carrying in apellee's self-service grocery store fell to the floor, one or more bottles burst, and appellant was cut by flying glass. Appellant had selected the carton of soft drinks from the store

shelf and had paid the clerk. The incident which gave rise to this litigation occurred as appellant walked from the check-stand toward the store exit. Appellant claims that the handle of the carton came off, causing the bottles to fall, with the resulting explosion of the bottles and injury to appellant.

Appellant's complaint was framed in two counts, one of which alleged that appellee had been negligent in that the carton had been sold and delivered to appellant in an unsafe and defective condition. The second count alleged that appellee had impliedly warranted that the carton was a safe device for carrying the bottles and that the bottles themselves were also safe, whereas, in fact, both carton and bottles were unsafe, which unsafe condition resulted in the injuries sustained by appellant. There was no evidence adduced concerning the bottles, and no consideration will be given to them here.

At the conclusion of appellant's case, the court granted appellee's motion for a directed verdict. He ruled that there had been no showing of negligence in either the manufacture of the carton by the manufacturer, or in its use by the appellee. With regard to appellant's claim that there had been a breach of implied warranty, the court ruled that the matter was governed by Title 28, Section 1115, D.C.Code 1940. He thereupon indicated doubt as to whether the statute applied to a container or was limited to the goods themselves, but nevertheless, he assumed, *arguendo,* that it extended to the container. Proceeding on that premise, the court pointed out that the language of the statute, § 28–1115(1),[1] provided "merely that the container be reasonably fit for the purpose for which it was intended", and held that there had been no evidence justifying an inference that the container was not reasonably fit.

Clearly, this is no occasion for application of the doctrine of *res ipsa loquitur,* for the instrumentality which allegedly caused the injuries had passed beyond the management or control of appellee, and, in fact, was in the sole possession and control of appellant when the incident in question occurred. It follows that the burden was on appellant to establish the alleged negligence of appellee by a preponderance of evidence, but from an examination of the record we agree with the trial court that appellant's evidence failed to sustain that burden.

With regard to the second count of the complaint, breach of implied warranty, we need not decide whether the provisions of the statute extend to container as well as to contents. Instead, as the view most favorable to appellant, we accept the view of the court, *arguendo,* that the statute does so apply, but we find no evidence in the record to justify an inference that the container was not reasonably fit for its intended purpose.

Since it is well settled that the court, when ruling on a motion for directed verdict, must construe the evidence most favorably to the plaintiff and give the plaintiff full effect of every legitimate inference therefrom, we should not dispose of this appeal without reference to appellant's contention that certain expert testimony was wrongfully excluded by the court and that admission of that evidence would have compelled a denial of the motion for directed verdict. The expert who testified for appellant was an executive of a soft drink bottling concern, and testimony was adduced as to his qualifications in the industry. After testimony concerning the use of bottle carriers by the industry generally, counsel for appellant propounded a hypothetical question which he stated was to elicit an answer concerning the safe, or unsafe condition of the

1. Sec. 28–1115: "Subject to the provisions of chapters 11–16 of this title and of any statute in that behalf, there is no implied warranty or condition as to quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

carrier which was allegedly the cause of appellant's injuries. The answer to that question was properly excluded, for the answer, whatever it might have been, would not have been competent to show the particular condition of the particular carrier at the particular time appellant was injured. That was an ultimate question of fact for the jury if there proved to be just cause for submitting the case to the jury.

The record fails to support appellant's contention that the trial court erred in directing a verdict for appellee, and we find no error in the court's sustaining objection to an answer to the hypothetical question propounded to appellant's expert witness. The ruling of the District Court is therefore

Affirmed.